**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony's Garage, LLC, Appellant,

v.

UniFirst Corporation, Respondent.

Appellate Case No. 2021-000986

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-173
Submitted April 1, 2023 – Filed May 3, 2023

———————

**AFFIRMED**

———————

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Appellant.

Caleb Martin Riser and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Tony's Garage, LLC (Tony's Garage), appeals a circuit court order denying its petition to vacate an arbitration award and a subsequent order granting UniFirst Corporation's (UniFirst's) motion to confirm the award. On appeal, Tony's Garage argues (1) the circuit court should have vacated the

arbitration award because certain conditions precedent for arbitration in its contract with UniFirst were not satisfied, and (2) the circuit court should have denied UniFirst's motion to confirm the award because the conditions precedent for arbitration were not satisfied and there was no order compelling arbitration. We affirm.

1. Because the petition filed by Tony's Garage to vacate the arbitration award alleged only that the award was "procured by fraud or undue means," we uphold the circuit court's decision to deny the requested relief. *See* S.C. Code Ann. § 15-48-130(a) (2005) (providing limited circumstances under which a court must vacate an arbitration award, including a showing that the award was procured by "corruption, fraud[,] or other undue means"); *Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985) ("The phrase 'corruption, fraud, or undue means' has been construed by the court to proscribe affirmative misconduct by the parties, such as perjury or subornation of perjury."). Here, Tony's Garage did not dispute that it received notice of the arbitration proceeding and applicable deadlines. Furthermore, although Tony's Garage sent a letter to UniFirst about its objections to the arbitration proceeding and failed to copy the arbitrator, UniFirst voluntarily provided the arbitrator with the letter, which was also uploaded into the arbitrator's case file. Therefore, we hold there was no evidence of affirmative misconduct that would require vacatur of the arbitration award.

2. We also reject the argument by Tony's Garage that the circuit court should have denied UniFirst's motion to confirm the arbitration award because UniFirst did not obtain a court order compelling arbitration. *See* S.C. Code Ann. § 15-48-20(a) (2005) (requiring the court to "order the parties to proceed with arbitration" "[o]n application of a party showing an agreement" for arbitration); 9 U.S.C.A. § 4 (Thomson Reuters 2021) (allowing but not requiring a party to petition the court for an order directing arbitration). Furthermore, there was no motion to modify or correct the award after the circuit court denied the petition to vacate it. *See* S.C. Code Ann. § 15-48-130(d) (2005) ("If the application to vacate [an arbitration award] is denied and no motion to modify or correct the award is pending, the court shall confirm the award.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.